Formatted for Electronic Distribution                                                                                          Not for Publication

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

Filed & Entered
On Docket
December 14, 2007

_____

In re:

    ROCKY G. and TINA OSMER,                                Chapter 7 Case
                Debtors.                                             # 07-10838

_____

**ORDER
DISMISSING CASE AS VOID *AB INITIO***

On Thursday, December 13, 2007, at 1:17 P.M., counsel for the above-referenced debtors ("Counsel") filed a chapter 7 petition through the electronic case filing system ("CM-ECF"). At about 4:00 P.M. that afternoon, the Clerk's Office telephoned Counsel to inform her that when it attempted to charge the credit card designated for payment of the filing fee, the charge was declined; Counsel did not return the call. Counsel did not have any "back-up" credit cards on file so there was no alternate source of funds to pay the filing fee. The Clerk's Office called Counsel again at about 10:00 a.m. on Friday, December 14, 2007, and left a message for Counsel. As of the end of the workday following the filing date, there has been no response from Counsel, and the filing fee due for this chapter 7 case has not been paid.

Federal Rule of Bankruptcy Procedure 1006(a) provides that "[e]very petition shall be accompanied by the filing fee. . ." The only exceptions to this rule are if an order has been entered granting a fee waiver or authorizing the debtor to pay the filing fee in installments; no such order has been granted here.

THE COURT FINDS that this petition should be handled just as it would have been handled prior to the availability of electronic case filing. Although there is no mechanism for refusing the filing of a petition when it is electronically filed, that does not relieve the Court of its duty to require compliance with Rule 1006(a). Prior to electronic filing, any petition delivered to the Clerk without a filing fee was refused or returned, under Rule 1006(a). The analogous treatment is to dismiss the case as void *ab initio*.

THE COURT FURTHER FINDS that dismissal of the case as void *ab initio* is warranted under the facts of this case, where the debtors have had the benefit of the automatic stay for more than one full business day, and has not paid the filing fee or otherwise satisfied Rule 1006.

THEREFORE, IT IS HEREBY ORDERED that this case is dismissed as void *ab initio* based upon the debtors' failure to pay the filing fee or otherwise comply with Rule 1006.

                                                                                    /s/ Colleen A. Brown
                                                                                   _____

December 14, 2007                                                          Colleen A. Brown
Rutland, Vermont                                                        United States Bankruptcy Judge